Plaintiff-appellant Michael Benza Associates, Inc. ("appellant") appeals from the decision of the Cuyahoga Common Pleas Court granting the motion of defendant-appellee Richard J. Lombardi dba Richard J. Lombardi Associates ("appellee") for relief from final judgment. For the reasons that follow, we reverse.
The record reflects that appellant filed suit against appellee on July 17, 1997 to collect unpaid invoices for engineering and surveying services rendered by appellant to appellee in 1995 and 1996. The invoices were sent to Lombardi Associates, Suite 315, 6100 Rockside Woods Blvd., Independence, Ohio 44131.
Aware that appellee was no longer in business at the Rockside Woods Blvd. address but that he was now employed at Ralph Tyler, Inc. in Cleveland, Ohio, appellant requested service of the complaint at appellee's place of employment. On July 24, 1997, a representative of Ralph Tyler, Inc. signed for certified mail service of the complaint. Appellee did not file an answer or otherwise make any appearance in response to this service.
On September 25, 1997, appellant filed its motion for default judgment, which the trial court set for hearing on November 26, 1997. In a certified letter dated October 28, 1997, appellant's counsel notified appellee of the default hearing date. The certified letter, like the complaint, was sent to Ralph Tyler, Inc. The return receipt indicates that a representative of Ralph Tyler, Inc. signed for the letter on November 3, 1997.
Appellee did not make an appearance in response to this notice and on November 28, 1997, the trial court entered default judgment in favor of appellant in the amount of $15,001.35 plus costs and interest. Appellant then transferred the judgment to Cleveland Municipal Court to execute on it by garnishing appellant's wages.
On February 4, 1998, appellee filed a motion for relief from final judgment pursuant to Civ.R. 60(B) and a motion for stay of proceedings to enforce the judgment.
Without holding a hearing, the trial court granted appellee's motions without opinion on April 6, 1998. Appellant timely appeals from this order, assigning the following errors for our review:
 I. THE TRIAL COURT ERRED IN VACATING THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT-APPELLEE.
 II. THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON THE ISSUE OF SERVICE.
Because they are related, we will consider appellant's assignments of error together.
In its first assignment of error, appellant contends that the trial court erred in vacating the default judgment entered against appellee. Specifically, appellant argues that the trial court abused its discretion in vacating the default judgment because appellee failed to demonstrate that he is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5) and that his motion for relief from judgment was timely filed.
In its second assignment of error, appellant argues that the trial court erred in failing to hold an evidentiary hearing to determine whether or not service of process was properly made on appellee after appellee raised this issue in his reply brief.
The decision to grant a Civ.R. 60(B) motion for relief from judgment rests in the sound discretion of the trial court and may be upset on appeal only upon a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate (1) that he has a meritorious claim or defense; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that his motion for relief is made within a reasonable time. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348, 351.
If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. Kay, et al. v. Glassman (1996), 76 Ohio St.3d 18,19, citing Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16.
Moreover, while determination of the sufficiency of process on an individual at a business address is a matter subject to the sound discretion of the trial court, this determination requires a factual finding regarding the physical presence of the party being served at the business address. Bell v.Midwestern Educational Serv., Inc. (1993), 89 Ohio App.3d 193,202. Where the evidence of a party's physical presence at an address is inconclusive, a trial court abuses its discretion in granting a motion to vacate a judgment for lack of personal jurisdiction without an evidentiary hearing to determine whether service was properly made. Rite Rug, Inc. v. Wilson
(1995), 106 Ohio App.3d 59, 65.
In his motion for relief from judgment, appellee argued that he has a meritorious defense to appellant's action because the bills and services which are the subject matter of this lawsuit are debts of Richard J. Lombardi Associates, Inc., a corporation, and not those of Richard J. Lombardi personally. Appellee attached an affidavit stating that the debt at issue in this lawsuit is a debt of the corporation and that Richard J. Lombardi Associates, Inc. has been a corporation in good standing since its inception in 1992. Appellee also attached an uncertified copy of the Certificate of Incorporation for Richard J. Lombardi Associates, Inc., dated August 3, 1992.
With respect to the claimed meritorious defense, the movant is not required to prove that he will ultimately prevail if relief is granted. Rather, the burden on the moving party is only to allege operative facts which would constitute a meritorious defense if found to be true. Colley v. Bazell
(1980), 64 Ohio St.2d 243, 247, at fn. 3; Moore v. EmmanuelFamily Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 67. Appellee's motion and supporting affidavit allege sufficient operative facts to constitute a meritorious defense if found to be true. Indeed, in its brief in opposition to appellee's motion for relief from judgment, appellant conceded that if Richard J. Lombardi Associates, Inc. is in fact a corporation, this could constitute a meritorious defense to appellant's complaint. Accordingly, appellee met the first prong of the GTE Automatic test.
Whether appellee's motion and supporting evidentiary material were sufficient to meet the second and third prongs of the test, however, is questionable. In his motion for relief from judgment, appellee contended that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(3), which provides that a court may relieve a party from final judgment because of fraud, misrepresentation or other misconduct of the adverse party. Appellee argued that appellant had misrepresented to the court that the debt owed is personal rather than corporate and, accordingly, had filed a frivolous lawsuit.
Appellee's brief in support of his motion for relief from judgment alleged that appellee had been a corporation in good standing at all times during the contract between the parties and, therefore, appellant misrepresented appellee's status to the court when it claimed that appellee was personally liable as a dba rather than by bringing suit against the corporation. In support of this argument, appellee offered his affidavit, which, in its entirety, states:
 1. That I am the President of Richard J. Lombardi Associates, Inc.;
 2. That Richard J. Lombardi Associates, Inc. contracted retained (sic) Michael Benza 
Associates, Inc. to perform services on behalf of the corporation in 1995 and 1996;
 3. That Richard J. Lombardi Associates, Inc. has been a corporation in good standing in the State of Ohio since its inception in 1992 through the present;
 4. That the bills and services which are the subject matter of this lawsuit are, without conceding their validity, debts of the corporation and not debts which I incurred personally.
This affidavit, however, does not allege any operative facts demonstrating that appellant knew that appellee was doing business as a corporation when it contracted with appellee and thus misrepresented appellee's status to the court when it sued appellee individually rather than as a corporation. Accordingly, without more, this affidavit is not sufficient to meet the second prong of the GTE Automatic test.
Whether appellee met the third prong of the GTE Automatic
test, i.e., that the motion was filed within a "reasonable time," is also questionable. Civ.R. 60(B) specifies that motions filed pursuant to Civ.R. 60(B)(1) through (3) must be made "not more than one year after the judgment, order or proceeding was entered or taken." Significantly, however, the rule also orders that the motion must be made "within a reasonable time." Thus, "[w]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the 'reasonable time' provision." Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 106. In this regard, the movant has the burden of proof, and "must submit factual material which on its face demonstrates the timeliness of the motion." Id. at 103.
Appellee's motion was filed nearly seven months after the lawsuit was filed and two months and one week after default judgment was entered against him. In his supporting brief, appellee contended that because his motion was filed less than one year after default judgment was granted, it was necessarily made within a reasonable time. Appellee offered no explanation whatsoever, however, for his delay in filing his motion or for his inaction in the case to that point.
Contrary to appellee's assertion that filing a 60(B) within one year of the default judgment is necessarily timely, the determination of whether a motion to vacate is filed within a reasonable time is like the determination of the motion itself, dependent upon the facts and circumstances of each case.City of Middleton v. Campbell, et al. (1984), 21 Ohio App.3d 63,65, citing Colley v. Bazell (1980), 64 Ohio St.2d 243,249-250; Cautela Bros. v. McFadden (1972), 32 Ohio App.2d 329. Moreover, we have repeatedly held that where the movant fails to explain the reason for his delay, the motion is not timely filed.
In Mt. Olive Baptist Church v. Pipkins Paints HomeImprovement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289, for example, we noted that there was no evidence in the record to explain the delay in filing the motion to vacate. Accordingly, we stated:
 A motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion * * *. In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion. (Emphasis added).
In Kaczur v. Decara dba Cara Construction (July 20, 1995), Cuyahoga App. No. 67546, unreported, we noted that "the amount of time elapsed * * * must be viewed in relation to the excuse [the] defendant offers." Accordingly, where the defendant offered no reason for a nine-month delay in filing his motion for relief from judgment, we found the motion untimely filed.
In Drongowski v. Salvatore (Oct. 1, 1992), Cuyahoga App. No. 61081, unreported, the movant filed his Civ.R. 60(B) motion eleven months and eight days after entry of the default judgment. We found this delay untimely where appellant "offer[ed] no explanation" for the delay, and we affirmed the trial court's denial of appellant's motion. Id.
In Natl. City Bank v. Hostelley (July 3, 1991), Cuyahoga App. No. 58554, unreported, the movants filed their Civ.R. 60(B) motion only ten weeks after learning of the default judgment. We noted, however, that "their motion is devoid of any explanation for this delay" and, accordingly, found the motion untimely filed. Id.
In his reply brief, after appellant had pointed out that there was no evidence of fraud and that appellee's motion was not timely because he had not offered any explanation for his delay, appellee for the first time hinted at a possible reason for his delay in responding to appellant's complaint: that appellant might have failed to obtain personal service on him because all notices were directed to appellee's employer and he may not be an employee of Ralph Tyler, Inc. Appellee argued that the default judgment was therefore void ab initio.
 Noticeably absent, however, was an affidavit from appelleedenying that he ever received service or that he works forRalph Tyler, Inc. Moreover, even in his reply brief, appellee never specifically alleged that he was not served. Rather, he only insinuated that service may have been ineffective because there are "inherent risks" in attempting certified mail service at a business address rather than at a defendant's residence.
Because the trial court did not issue an opinion, we are unable to determine whether the court granted appellee's motion on the basis of appellant's alleged fraud or on the basis that the default judgment was void ab initio because appellee had not been properly served. Regardless of the basis for the trial court's decision, however, we hold that in light of the paucity of evidence to support appellee's bald allegations, the trial court abused its discretion in granting appellee's motion without first holding an evidentiary hearing to verify the facts alleged by appellee.
Appellant's assignments of error are sustained. The decision of the trial court is reversed and the case is remanded for an evidentiary hearing on appellee's Civ.R. 60(B) motion.
Reversed and remanded.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________________ PATRICIA A. BLACKMON, ADMINISTRATIVE JUDGE
 __________________________________________ TIMOTHY E. McMONAGLE, JUDGE
 __________________________________________ LEO M. SPELLACY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(D) and 26(A); Loc.App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).