Kale K. Roscoe has appealed from a judgment entry denying his Civ.R. 60(B) motion for relief from judgment. The procedural history of this case is as follows. On June 22, 1992, Kenneth R. Fox filed a complaint against Mr. Roscoe alleging fraud, negligent misrepresentation and certain violations of R.C. Chapter 1334. Eventually, default judgment was rendered against Mr. Roscoe as to liability only. On April 22, 1993, a judgment entry was filed, which also set a hearing date for the damages issue.
On May 11, 1993, a judgment entry was journalized and indicated that in lieu of the damages hearing, the parties had agreed to settle the matter. The judgment entry set forth the terms of the settlement. Such terms, in part, called for Mr. Roscoe to pay $75,000 with an initial payment of $15,000 to be made within thirty days. If Mr. Roscoe defaulted, he would be required to make a default payment equal to twice the amount owed at the time of the default.
Mr. Roscoe failed to make the initial payment and, on June 23, 1993, Mr. Fox filed a motion to enter final judgment against Mr. Roscoe in the amount of $150,000 pursuant to the May 11, 1993 judgment entry. A copy of this motion was mailed to Mr. Roscoe's attorney. On July 29, 1993, the trial court journalized a judgment order, sustaining Mr. Fox's motion and entering judgment in favor of Mr. Fox for $150,000 plus interest and costs.
On December 9, 1997, Mr. Roscoe filed a motion for relief from judgment pursuant to Civ.R. 60(B). Mr. Roscoe contended he was entitled to relief from the July 29, 1993 judgment pursuant to Civ.R. 60(B)(1) and (5) because: the default provision in the settlement constituted a penalty and was, therefore, unenforceable; and he never agreed in the settlement to pay interest on such default payment. Mr. Fox filed a memorandum contra, and Mr. Roscoe filed a reply.
On April 7, 1998, the trial court rendered its decision denying Mr. Roscoe's motion for relief from judgment. A judgment entry was journalized on April 30, 1998. Mr. Roscoe (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT A DEFAULT PAYMENT, WHICH CALLED FOR A PENALTY EQUAL TO 100 PERCENT OF THE AMOUNT OWED, IS NOT AGAINST PUBLIC POLICY.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING MR. ROSCOE'S MOTION FOR RELIEF FROM JUDGMENT."
Appellant's assignments of error are interrelated and, therefore, will be addressed together. Initially, we address appellant's contention that he need not meet the requirements for obtaining relief from judgment under Civ.R. 60(B). Appellant asserts that the default payment provision contained in the settlement agreement constitutes a penalty that is void and unenforceable as against public policy.
Appellant cites to cases that state a motion to vacate a void judgment need not comply with the requirements of Civ.R. 60(B). See Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59,62; Ransom v. Lampman (1995), 103 Ohio App.3d 8, 15. However, these cases address judgments that are void because of some jurisdictional problem. The judgment in this case is not void. Rather, appellant merely contends that a provision in the settlement agreement is void. Since there is no jurisdictional defect in the case at bar, appellant does have to meet the requirements under Civ.R. 60(B) in order to obtain relief from judgment.
In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Such requirements are in the conjunctive and if any one of the above requirements is not met, the motion should be overruled. Rose Chevrolet, Inc. at 20.
Appellant has met the first requirement under Civ.R. 60(B). Appellant asserts that the default provision is a penalty and not a liquidated damages provision. When a stipulated or liquidated damages provision actually constitutes a penalty, such provision is unenforceable for public policy reasons. SeeLake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 381. Whether a sum in a contract is intended as a penalty or as liquidated damages depends upon the operative facts and circumstances in each particular case. Samson Sales, Inc. v.Honeywell, Inc. (1984), 12 Ohio St.3d 27, 28-29. Whether a provision constitutes liquidated damages or a penalty is a question of law for the court. Lake Ridge Academy at 380.[1]
In order to meet the first requirement under Civ.R. 60(B), the moving party need only allege a meritorious claim or defense; the moving party need not prove he or she will prevail on that claim or defense. Rose Chevrolet, Inc. at 20. Hence, if appellant could prove the provision at issue here was indeed a penalty, the provision would be unenforceable, and appellant would have a meritorious defense. For this reason, appellant met the first prong under Civ.R. 60(B).
However, and as indicated above, the Civ.R. 60(B) test is in the conjunctive, and the moving party must meet all three requirements in order to prevail. The third prong requires that the motion for relief from judgment be timely. As stated in Civ.R. 60(B), a motion made pursuant to Civ.R. 60(B)(1), (2) and (3) must be made not more than one year after the entry of judgment and for motions made under Civ.R. 60(B)(4) or (5), within a reasonable time.
The judgment at issue herein was entered on July 29, 1993. Appellant did not file his motion for relief from such judgment until over four years later, on December 9, 1997. Appellant brought his motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). Appellant's motion pursuant to Civ.R. 60(B)(1) was not filed within one year of the judgment and, therefore, is untimely. We now turn to whether or not appellant's motion pursuant to Civ.R. 60(B)(5) was filed within a reasonable time.
The determination of whether such a motion is filed within a reasonable time depends upon the facts of each case.Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, 155;Middletown v. Campbell (1984), 21 Ohio App.3d 63, 65. Here, appellant stated in an affidavit attached to his motion for relief from judgment that he was unaware that the July 29, 1993 judgment had been entered until July 1997. However, different evidence shows otherwise and indicates appellant's motion was not filed within a reasonable time given the circumstances.
The judgment entry reflecting the parties' settlement was journalized on May 11, 1993. On June 23, 1993, Mr. Fox (hereinafter "appellee") filed a motion to enter final judgment against appellant because appellant had failed to make the first payment under the agreement. Such motion was served on appellant's attorney. The final judgment against appellant was filed on July 29, 1993, and written notice of such was served upon all parties. See Record at 66.
Attached to appellee's memorandum contra the motion for relief from judgment was the affidavit of Harvey Altus, an attorney licensed in Michigan. Appellant was at all times relevant a resident of Michigan. Mr. Altus stated that he had been retained by appellee to collect on the July 29, 1993 Ohio judgment. On October 7, 1993, a suit was commenced in Michigan seeking to enroll the Ohio judgment and procure a Michigan judgment on which to collect. The complaint stated that appellee had recovered a $150,000 judgment on July 29, 1993 in the Franklin County Court of Common Pleas in Ohio. A copy of the July 29, 1993 Ohio judgment was attached to the complaint. In his affidavit, Mr. Altus also referenced an attached proof of service which shows appellant was personally served at his home in Michigan with the Michigan summons and complaint.
Mr. Atlus' affidavit also indicates that appellant retained an attorney to defend against the Michigan action. In his answer, appellant admitted that on July 29, 1993, appellee recovered judgment against appellant in Franklin County for $150,000 with interest from the date of judgment and that appellant had made no payment on the judgment. Appellant denied the amount claimed to be due. On February 7, 1994, judgment was rendered against appellant on the Michigan complaint. Mr. Altus stated that appellant sought concessions from him regarding the amount due, and Mr. Altus eventually collected approximately $76,800 from appellant. Mr. Altus stated that he personally discussed the Ohio judgment with appellant in 1993.
Given all of the above facts and circumstances, appellant knew or at the very least should have known of the July 29, 1993 judgment in 1993. Yet, he did not file his motion for relief from judgment until four years later in July 1997. This does not constitute reasonable time. Because appellant failed to file his motion within a reasonable time of the judgment entry, he cannot obtain relief from judgment. Therefore, the trial court did not err in denying appellant's Civ.R. 60(B)(5) motion for relief from judgment.
For the reasons stated above, appellant's first and second assignments of error are overruled.
Having overruled each of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN, J., concurs.
BRYANT, J. concurs separately.
[1] See Samson Sales, Inc., syllabus, for the test used in determining whether a provision constitutes a liquidated damages clause or a penalty.