DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, setting aside what, in essence, was a default judgment declaring value and conveying property in a land appropriation case.
Appellant is Gordon Proctor, Director of the Ohio Department of Transportation. On July 25, 2002, appellant petitioned the trial court to appropriate certain property necessary for the construction of the I-280 river crossing bridge in Toledo. When the owner of the property, appellee Delta Fuels, Inc., failed to respond to appellant's petition by the answer date, appellant moved for and was granted an order, pursuant to R.C. 163.09(A), declaring a value and conveying the interest sought to appellant.
 {¶ 2} Within days of this order, appellee moved the court, pursuant to Civ.R. 60(B)(1), to vacate the order and grant appellee leave to respond to the petition. When the trial court granted appellee's motion, appellant instituted the present appeal.
 {¶ 3} In three assignments of error, appellant contends (1) the order to vacate is erroneous because it was unsupported by evidentiary material, (2) appellee failed to make out a claim of "excusable neglect," and (3) appellee failed to allege a potentially valid defense because R.C. 163.09 bars application of Civ.R. 60(B) in appropriation cases.
 {¶ 4} In his first assignment of error, appellant contends that appellee's Civ.R. 60(B) motion was fatally flawed because the assertions by appellee's counsel in his memorandum in support were not under oath and no other evidentiary material was submitted. There is no requirement that operative facts stated in a memorandum of support for a Civ.R. 60(B) motion be under oath. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20-21. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court erred in finding "excusable neglect" in appellee's explanation of the events which led to its failure to timely answer appellant's petition. The question of whether relief from judgment under Civ.R. 60(B) should be granted, as well as the sufficiency of the underlying elements justifying relief, rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. An abuse of discretion is more than a mistake of law or a lapse of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 168-169. We find no such abuse in this matter. Accordingly, appellant's second assignment of error is not sustained.
 {¶ 5} In his final assignment of error, appellant insists that R.C. 163.09 precludes the application of Civ.R. 60(B) in this matter. The authority appellant cites in support of this proposition has been superseded by amendment of the statute. Middletown v. Campbell (1984),21 Ohio App.3d 63; Wray v. Wymer (1991), 77 Ohio App.3d 122, 128. Accordingly, appellant's final assignment of error is not well-taken.
 {¶ 6} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer,J., CONCUR.