MEMORANDUM OPINION
{¶ 1} On January 29, 2007, appellant, George R. Ritchey, filed notices of appeal with this court from a December 29, 2006 judgment entry and a January 5, 2007 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} In the December 29, 2006 entry, the trial court granted summary judgment in favor of appellee, JPMorgan Chase Bank NA, and against appellant on the first amended complaint, and ordered that unless appellant paid the clerk of courts the costs of the case within three days and the sums found due to appellee, the real estate would *Page 2 
be sold and an order of sale would be issued to the sheriff of Lake County directing him to appraise, advertise and sell the premises. In the January 5, 2007 entry, the trial court granted summary judgment in favor of appellee, and ordered that unless the sums found due to appellee were fully paid within ten days from the date of the entry, the equity of redemption of the defendant-titleholders in the property would be foreclosed and the real estate sold and an order of sale would be issued to the sheriff of Lake County directing him to appraise, advertise and sell the premises. Furthermore, the entry stated that the sheriff, upon confirmation of the sale, shall pay the proceeds in a certain order of priority.
 {¶ 3} On August 2, 2007, appellee filed a motion to dismiss the appeals as being moot. Specifically, appellee argues that the appeals should be dismissed as moot since appellant has sold the two parcels of real estate to a third party purchaser for value and voluntarily satisfied the decrees in foreclosure. Furthermore, the motion to dismiss asserts that appellant did not request a stay of execution with the trial court or this court, nor did he post a bond.
 {¶ 4} On October 4, 2007, appellant filed an "Appellants Response to Appellees Motion to Dismiss and Motion to Dismiss Appellees Motion to Dismiss for No More Then an Attempt to Coverup Actual Facts by Appellee." (sic.) On that same date, appellant filed a "Motion in Objection to Appellee JPMorgans (sic.) Extension of Time and Demand for Default Judgment."
 {¶ 5} The Supreme Court of Ohio has held that "a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v.Blodgett (1990), 49 Ohio St.3d 243, 245. See, also, Hagood v. Gail
(1995), 105 Ohio App.3d 780, 785. *Page 3 
 {¶ 6} "If a `judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away (* * *) the right to appeal or prosecute error or even to move for vacation of judgment.' * * * Likewise, accepting payment of the judgment renders an appeal from that judgment moot. * * * Thus, `(i)f an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending.' * * * However, when an appellant does obtain a valid stay, either through the trial court or the appellate court, the nonappealing party cannot initiate any proceedings to enforce a judgment. * * * Consequently, when `the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.' * * *." Marotta Bldg. Co. v. Lesinski, 11th Dist. No. 2004-G-2562, 2005-Ohio-558, at ¶ 18.
 {¶ 7} In the cases at hand, since the nonappealing party has successfully obtained a satisfaction of judgment and there is no indication that appellant's satisfaction of judgment was anything other than voluntary, it is clear that the instant appeals are moot and must be dismissed. In addition, appellant failed to obtain a stay of execution or post a bond.
 {¶ 8} Based upon the foregoing analysis, it is our position that the issues in these appeals are moot. Accordingly, appellee's motion to dismiss is granted, and the instant appeals are dismissed.
 CYNTHIA WESTCOTT RICE, P.J., TIMONTHY P. CANNON, J., concur. *Page 1