DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Donald and Patrice Mangan ("the Mangans"), appeal from the decision of the Summit County Probate Court. This Court affirms.
 I. {¶ 2} On October 5, 2007, Appellee, the University of Akron ("UA"), filed a petition to appropriate the Mangans' property. The petition was served on the Mangans on October 5, 2007, by way of a process server. On October 31, 2007, UA and the Mangans entered into a real estate purchase agreement for the sale of the Mangans' property. On November 28, 2007, the trial court cancelled a pretrial hearing and held the case in abeyance pending approval or disapproval of the real estate purchase agreement. On January 24, 2008, the Mangans filed a motion for leave to file an answer instanter. On February 5, 2008, UA filed a motion for default judgment and a declaration of the value of the property taken. On February 11, 2008, the trial court held a hearing on UA's motions. On February 20, 2008, the trial court denied the *Page 2 
Mangans' motion for leave to file an answer instanter and granted UA's motion for default judgment and declaration of the value of the property taken. The trial court ordered UA to file documentation concerning the fair market value of the property.
 {¶ 3} On February 22, 2008, UA filed a motion for an order declaring the value of the property and on February 26, 2008, filed a motion for the declaration of value and vesting of title. The trial court held a hearing on March 11, 2008 and declared the fair market value of the property to be $315,350.00. Accordingly, UA deposited $315,350.00 with the probate court. The Mangans filed a motion to distribute these funds, which the probate court granted. The trial court retained $15,350.00 on deposit, pending appeal and final resolution. The Mangans filed their notice of appeal on April 15, 2008.
 II. ASSIGNMENT OF ERROR "[THE MANGAN'S] FAILURE TO FILE A TIMELY ANSWER IN THIS MATTER WAS DUE TO EXCUSABLE NEGLECT AND THE COURT OF COMMON PLEAS' DENIAL OF [THE MANGAN'S] MOTION FOR LEAVE TO FILE ANSWER INSTANTER AND GRANTING OF [UA'S] MOTION FOR DEFAULT JUDGMENT, MOTION FOR DECLARATION OF VALUE, AND ORDER DECLARING VALUE OF $315,350.00 WAS AN ABUSE OF DISCRETION."
 {¶ 4} In their sole assignment of error, the Mangans contend that their failure to timely answer the complaint in this matter was due to excusable neglect and that the trial court abused its discretion when it denied their motion for leave to file an answer and granted UA's motion for default judgment, motion for declaration of value, and declared the value of the property to be $315,350.00. We do not agree.
 {¶ 5} We recognize that the Mangans' assignment of error is a roadmap and as such, guides this Court's analysis. However, although the Mangans assign error to the trial court's *Page 3 
grant of the motion for declaration of value and the order declaring the value, their argument pertains solely to their contention that the trial court abused its discretion by not finding that their failure to file a timely answer was due to excusable neglect, and thereby granting their motion to file their answer instanter. Therefore, we will limit our discussion to that argument.
 {¶ 6} Next, we turn to UA's argument that the Mangans' claims are moot on appeal as the judgment has been voluntarily paid and satisfied. It is clear in Ohio that "a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v. Blodgett (1990), 49 Ohio St.3d 243,245.
 "If a judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away (* * *) the right to appeal or prosecute error or even to move for vacation of judgment. * * * Likewise, accepting payment of the judgment renders an appeal from that judgment moot. * * * Thus, (i)f an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. * * * However, when an appellant does obtain a valid stay, either through the trial court or the appellate court, the nonappealing party cannot initiate any proceedings to enforce a judgment. * * * Consequently, when `the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." (Internal citations and quotations omitted.) JPMorgan Chase Bank, N.A. v. Ritchey, 11th Dist. Nos. 2007-L-017, 2007-L-018, 2007-Ohio-5913, at ¶ 6.
 {¶ 7} In the instant case, the trial court declared the value of the property to be $315,350.00, and vested title in the UA Board of Trustees. Accordingly, UA placed $315,350.00 in escrow with the trial court. The trial court noted that it would retain the deposit pending a proper motion for distribution to the Mangans. The Mangans then requested a disbursement of these funds. The Mangans requested that $6,467.86 be disbursed to pay the taxes on the property, $59,688.73 to JPMorgan Chase Bank on the mortgage, and the remainder of $249,193.41 to the Mangans. A hearing on this motion was scheduled to take place on May 13, 2008, although the Mangans did not provide this Court with a copy of the transcript from that *Page 4 
hearing. However, the trial court entered judgment, disbursing $59,688.73 to JPMorgan Chase Bank, $233,843.41 to the Mangans and noted that $6,467.86 was previously disbursed for the payment of prorated taxes. The trial court retained $15,350 on deposit "pending the appeal and final resolution of this matter." The record does not explain the trial court's decision to retain $15,350. However, we would find that despite the Mangans' attempt to have all of the funds disbursed, the trial court's retention of $15,350 prevents its judgment from being fully satisfied, and as such, this appeal is not rendered moot.
 {¶ 8} The Mangans argue that the trial court erred in denying their motion for leave to file an answer instanter. Specifically, they contend that under Civ. R. 6(B), the trial court should have allowed them to file their untimely answer because they showed that the failure to file an answer was the result of excusable neglect. We do not agree.
 {¶ 9} Civ. R. 6(B)(2) explains that the trial court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" A Civ. R. 6(B)(2) determination lies within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209, 213-214. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 10} The Mangans argue that they have demonstrated excusable neglect. In determining whether neglect is excusable or inexcusable, this Court must take into consideration all the surrounding facts and circumstances, and must be mindful of the admonition that cases *Page 5 
should be decided on their merits, where possible, rather than procedural grounds. Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271. "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ. R. 6(B)(2) is less stringent than that applied under Civ. R. 60(B)." State ex rel.Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464,466.
 {¶ 11} Specifically, the Mangans argue that UA took advantage of them by directly contacting them "in the pursuit of a quick settlement and acquisition of [the Mangans'] property. As a result, [the Mangans] entered into a tentative real estate purchase agreement without the benefit of legal representation and under the duress or threat of the power of eminent domain." On appeal, the Mangans contend that UA "took advantage of both [the Mangans'] lack of counsel and the duress experienced after learning they may lose their home to enter into a quick settlement, the terms of which [the Mangans] did not, and could not completely understand." Due to this settlement agreement, the Mangans contend, they did not believe they were required to file an answer to UA's petition for appropriation. The Mangans have not presented any evidence to support their claim that UA overwhelmed them with the use of "strong arm actions[.]" Rather, at the February 11, 2008 hearing, the Mangans opted not to present any evidence on their claims that UA "strong armed" them into signing a purchase agreement. Further, our review of the record does not reveal any evidence that would support such a contention.
 {¶ 12} We next turn to the Mangans' argument that "[u]pon entering into the Settlement Agreement, [the Mangans] as laypersons did not contemplate that an Answer was still required to be filed with the Court of Common Pleas." This Court has consistently held that it "will not waive the requirements imposed by the Civil Rules of Procedure simply because one of the *Page 6 
litigants is proceeding pro se." Martin v. Wayne County Nat. BankTrust, 9th Dist. No. 03CA0079, 2004-Ohio-4194, at ¶ 16, see, also,Cottle v. Smith, 9th Dist. No. 23582, 2007-Ohio-5103, at ¶ 7 (stating that "[a] party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel.").
 {¶ 13} Under Civ. R. 12(A), the Mangans were required to file an answer to UA's complaint "within twenty-eight days after service of the summons and complaint upon him." In the instant case, the complaint was filed on October 5, 2007. The Mangans do not contend that they did notreceive the complaint or that they lacked notice of the filing of the complaint. See Zimmerman v. Rourke, 9th Dist. No. 04CA008472,2004-Ohio-6075, at ¶ 9. Rather, they contend that they did not believe they needed to respond. As a result, they did not respond, in violation of Civ. R. 12(A).
 {¶ 14} The Mangans urge this Court to follow the ruling in City ofMiddletown v. Campbell (1984), 21 Ohio App.3d 63. In fact, the Mangans state that the trial court's failure to rely on this case was an abuse of discretion. We first note that Middletown was decided by the 12th District Court of Appeals and is therefore not precedent in, or binding upon, this District. The Mangans contend the facts in the instant case are "virtually identical" to the facts in Middletown. We do not agree.
 {¶ 15} In Middletown, the 12th District upheld a trial court's decision under Civ. R. 60(B) to vacate a default judgment. The trial court found that the appellee had shown excusable neglect and therefore had shown good cause as to why the default judgment should have been vacated. The 12th District found that the trial court did not abuse its discretion. The Middletown decision does not go any further than reiterating the standard of review we must employ when reviewing the motion at issue in this case. It appears that the Mangans would have this Court *Page 7 
expand the Middletown case to read that because the trial court didnot abuse its discretion by finding excusable neglect in that case, we must find that the trial court did abuse its discretion by not finding excusable neglect in this case. We decline to read this assumption into the Middletown case. Rather, we simply read Middletown to reiterate the fact that whether the Mangans showed excusable neglect was within the trial court's discretion.
 {¶ 16} The Mangans have not pointed to any other case law to support their argument. We do not find that the trial court abused its discretion when it found that the Mangans' mistaken belief as pro se litigants that they were not required to answer the complaint did not amount to excusable neglect. Accordingly, the Mangans' assignment of error is overruled.
 III. {¶ 17} The judgment of the Summit County Probate Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 8 
Costs taxed to Appellants.
 SLABY, J. WHITMORE, J. CONCUR *Page 1