[Cite as *Wer Doin It Builders, Inc. v. Hammon, Inc.*, 2015-Ohio-4223.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

WER DOIN IT BUILDERS, INC.

    Appellee

    v.

HAMMON, INC.

    Appellee

    and

BURNSTEIN & BURNSTEIN, INC., et al.

    Appellants

C.A. No.    15CA0023-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    13CIV0674

DECISION AND JOURNAL ENTRY

Dated: October 13, 2015

SCHAFER, Judge.

**{¶1}** Defendants-Appellants, Sid Burnstein and Burnstein & Burnstein, Inc. (collectively, "Appellants"), appeal the judgment of the Medina County Court of Common Pleas denying their motion for leave to plead and granting default judgment against them in favor of Plaintiff-Appellee, Wer Doing It Builders, Inc. ("WDI Builders"). For the reasons that follow, we affirm the trial court's judgment.

I.

**{¶2}** This matter commenced when WDI Builders filed a complaint against Hammon, Inc. and Mike Hammon (collectively, the "Hammon defendants") asserting a claim for breach of contract. According to the complaint, WDI Builders sold a crane to the Hammon defendants

pursuant to a sales agreement that required them to pay a total of $160,000, broken down into an initial payment of $10,000 followed by monthly payments of $2,000. The Hammon defendants failed to comply with these terms and WDI Builders alleged that at the time of the complaint's filing, approximately $120,000 remained outstanding.

{¶3} Approximately 13 months after the initial complaint's filing, WDI Builders filed a motion for leave to file an amended complaint, which the trial court granted. The amended complaint reasserted WDI Builders' breach of contract claim against the Hammon defendants. It also included additional claims for negligence, breach of fiduciary duty, and breach of contract against Appellants. These claims arose from WDI Builders retaining Appellants to collect the outstanding debt owed by the Hammon defendants. The central allegations of WDI Builders' claims against Appellants are that they exceeded the scope of their authority in their offers of debt compromises to the Hammon defendants, misrepresented the amount of collections received and the terms of compromise agreements accepted by the Hammon defendants, and failed to turn over sums collected from the Hammon defendants. The amended complaint was served on Appellants by certified mail delivered on July 21, 2014. The summons stated that Appellants had to file an answer within 28 days of the amended complaint's service.

{¶4} The trial court scheduled a jury trial for October 14, 2014, but it never went forward since on that date, WDI Builders filed a notice of dismissal dismissing its claims against the Hammon defendants with prejudice as a result of a settlement. Subsequently, WDI Builders filed a motion for default judgment against Appellants that included the affidavit of Dorothy Darling, the company's managing member, who averred that Appellants' breaches caused approximately $48,000 in damages.

**{¶5}** On January 16, 2015, Appellants filed a brief in opposition to the motion for default judgment and a motion for leave to file an answer. Appellants asserted that their failure to timely plead resulted from excusable neglect. The trial court, however, denied Appellants' motion and granted WDI Builders' motion for default judgment. As to Appellants' motion for leave to plead, the trial court stated as follows in its judgment entry:

> [Appellants] claim that their failure to timely plead resulted from excusable neglect in that [WDI Builders] entered into a settlement with [the Hammon defendants] and [Appellants] mistakenly believed that the entire action had been dismissed and all of [WDI Builders'] claims were resolved. However the dismissal of the [Hammon defendants] was not filed by [WDI Builders] until October 14, 2014, almost two months after the time to answer expired. Further the notice of dismissal filed by [WDI Builders] was captioned "Notice of Dismissal of Defendants Hammon Incorporated and Mike Hammon." Also the notice of dismissal states as follows:
>> "Now comes Plaintiff, by and through counsel, and hereby gives notice of its dismissal with prejudice of all claims against Defendants Hammon Incorporated and Mike Hammon *only* as this matter has been settled between them[.]" (emphasis in the original filed document)
>> The Notice of Dismissal is thus clear in stating that it only pertains to the Hammon defendants. Furthermore, [Appellants] did not submit an affidavit or any other evidence with their motion in support of their claim of excusable neglect. Considering all of these facts and circumstances [Appellants] did not establish excusable neglect for their failure to answer.

**{¶6}** Appellants filed this timely appeal, presenting one assignment of error for our review.

### Assignment of Error

**The trial court erred in denying the Burnsteins' motion for leave to leave [sic] to plead instanter and, correspondingly, in entering default judgment against the Burnsteins.**

**{¶7}** In their assignment of error, Appellants argue that the trial court erred in denying their motion for leave to plead. Specifically, they assert that the trial court incorrectly found that they failed to establish excusable neglect. We disagree.

{¶8} Civ.R. 12(A)(1) requires that the defendant serve his answer to a complaint within 28 days of service of the summons and complaint. Nevertheless, Civ.R. 6(B)(2) allows a court "in its discretion" to extend this period to file an answer where the defendant files a motion outside of the 28-day period and demonstrates that the failure to timely plead "was the result of excusable neglect[.]" "A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995), citing *Miller v. Lint*, 62 Ohio St.2d 209, 213-214 (1980). An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio St. Med. Bd.*, 66 Ohio St.3d 619, 624 (1993).

{¶9} Appellants' argument challenges the trial court's finding that they did not establish excusable neglect. "In determining whether neglect is excusable or inexcusable, this Court must take into consideration the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Univ. of Akron v. Mangan*, 9th Dist. Summit No. 24167, 2008-Ohio-4844, ¶ 10, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271 (1988). When considering these circumstances and the preference for settling cases on their merits, we are also mindful that "the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *Lindenschmidt* at 466.

{¶10} After reviewing the record, we cannot conclude that the trial court abused its discretion in finding that Appellants failed to establish excusable neglect for their failure to

timely plead. Appellants had to file their answer in late August 2014. They claim that they failed to comply with this time limitation because of WDI Builders' notice of dismissal that was filed on October 14, 2014, which they said led them to believe that the case was entirely resolved. But, Appellants fail to explain how their conduct in July and August 2014 could be excused by the later events of October 2014. Additionally, the notice of dismissal was unambiguous – it only dismissed the claims against the Hammon defendants and did not address WDI Builders' claims against Appellants. From this, we cannot conclude that the trial court erred in rejecting Appellants' contention that the notice of dismissal excused their neglect in not filing a timely answer. Moreover, the fact that Appellants lacked counsel at the time of the amended complaint's service is immaterial to our analysis here. *See Univ. of Akron* at ¶ 12 (rejecting excusable neglect argument that the defendants were laypersons who "'did not contemplate that an Answer was still required to be filed'" since the Court "'will not waive the requirements imposed by the Civil Rules simply because one of the litigants is proceeding pro se'"), quoting *Martin v. Wayne Cty. Nat. Bank Trust*, 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, ¶ 16. Since the record supports the trial court's finding that Appellants failed to establish excusable neglect, it did not abuse its discretion in denying their motion for leave to plead.

{¶11} Accordingly, we overrule Appellants' assignment of error.

III.

{¶12} Having overruled Appellants' sole assignment of error, we affirm the judgment of the Medina County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

RODD A. SANDERS, Attorney at Law, for Appellants.

STEVEN C. BAILEY, Attorney at Law, for Appellee.