DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Todd Zimmerman, appeals from the judgment of the Lorain County Court of Common Pleas which refused to vacate summary judgment in favor of Appellee, Harleysville Insurance Company. We affirm.
 I. {¶ 2} On May 21, 1999, Appellant was injured when his vehicle was struck from behind by Nicole Rourke, an allegedly underinsured motorist. At the time of the accident, Appellant resided with his father who had a policy of insurance with Appellee. The policy language extended underinsured motorist coverage to any family member of the insured, the definition of which included Appellant. In addition, the policy contained both an anti-stacking provision and an "other owned automobile exclusion" which prevented coverage in cases where the accident occurred while an insured was driving a vehicle owned by the insured which was not explicitly covered by the policy. Appellant was driving such a vehicle at the time of the accident.
 {¶ 3} Appellant filed suit against Rourke on April 20, 2001. Over a thirteen month time period, Appellant twice amended his complaint in order to add various claims against insurance companies, including Appellee. Appellee filed a motion for summary judgment on January 21, 2003. Appellant thereafter filed a motion requesting additional time, until February 28, 2003, in order to respond to Appellee's motion. The court granted the extension, but Appellant failed to file any motion in opposition to Appellee's motion for summary judgment. The trial court granted Appellant's motion on January 13, 2004, finding that Appellant was not entitled to coverage because (1) the vehicle was not specifically covered by the insurance policy and (2) an anti-stacking provision applied.
 {¶ 4} Appellant then filed a motion to vacate the judgment, pursuant to Civ.R. 60(B), urging the trial court to accept that the "judgment was taken against [Appellant] due to the excusable neglect of [Appellant's] counsel in that [Appellant's] counsel has had an extremely heavy caseload and did not respond to [Appellee's] [m]otion for [s]ummary [j]udgment in a timely manner." Appellant further argued the other owned automobile exclusion did not apply, rendering summary judgment improper. The trial court denied Appellant's motion, and he timely appealed, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"Appellant's motion to vacate Judgment dismissing [appellee] established that appellant has a meritorious claim to present if relief were granted, that appellant is entitled to relief under one of the grounds stated in civil rule 60(B), and his motion was made within a reasonable time, and therefore, in the interests of justice, was entitled to have this matter proceed through litigation."
 {¶ 5} In his sole assignment of error, Appellant avers that the trial court erred by denying his motion to vacate judgment pursuant to Civ.R. 60(B). Appellant argues that his failure to respond to the original motion for summary judgment was excusable neglect due to his attorney's large case load, that he has a meritorious claim, and that he made his motion to vacate within a reasonable time after entry of the original judgment. We disagree.
 {¶ 6} This Court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. Turowski v. AppleVacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 6. An abuse of discretion is more than a mere error of judgment or law, but connotes that the court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard this Court may not substitute its judgment for that of the trial court. Pons v. Ohio St. Med Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} A party may challenge a judgment under Civ.R. 60(B) by showing that (1) the party has a meritorious defense or claim, (2) one of the circumstances rendering relief appropriate under Civ.R. 60(B)(1)-(5) exists, and (3) the motion is made within a reasonable time. GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Where a party fails to demonstrate these three elements, the trial court must deny the motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
 {¶ 8} Appellant filed his motion to vacate on the basis of Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect." The trial court denied Appellant's motion solely because Appellant did not have a meritorious claim or defense. We, however, do not find it necessary to analyze Appellant's claims related to the insurance exclusion because we find as a matter of law that Appellant has failed to demonstrate mistake, inadvertence, surprise or excusable neglect sufficient to support a motion under Civ.R. 60(B)(1).
 {¶ 9} The concept of excusable neglect is amorphous, and generally defined in the negative. Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 20. Neglect is not excusable where it equates to a "complete disregard for the legal system." Id. quoting GTE Automatic Elec., 47 Ohio St.2d at 153, and RoseChevrolet, 36 Ohio St.3d at 21, fn. 4. Failure to act in one case due to preoccupation with other litigation is not excusable neglect. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525,538. Likewise, the failure to file a responsive motion or paper is not justified as excusable neglect based upon: a mistake in calculation of response date coupled with a death in the attorney's family (Turowski v. Apple Vacations Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 10); any general mistake where the party and attorney had notice of the legal paper demanding response (LaSalle Natl. Bank v. Mesas, 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 13); an attorney's vacation (Dooley v. Lorain (Oct. 25, 2000), 9th Dist. No. 99CA007487, at 6); or general, unspecified medical problems (Valore v. Masink
(Sept. 16, 1998), 9th Dist. No. 18719, at 5). Only where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie. In re Estate ofHorton (Aug. 2, 2000), 9th Dist. No. 19818, at 9.
 {¶ 10} Appellant asserts that his attorney's heavy case load, coupled with the mistaken belief that Appellee had been voluntarily dismissed from the suit, support a finding of excusable neglect. We disagree. Appellant's attorney's heavy case load in and of itself does not justify the failure to respond to Appellee's motion for summary judgment. In addition, Appellant initiated this lawsuit. He should have the burden of remembering which parties he has, or has not, chosen to dismiss.
 {¶ 11} The facts surrounding Appellant's failure to respond to the summary judgment motion are also instructive. In the case at bar, fifty-one weeks elapsed between the original summary judgment motion and the court's ruling. Appellant would urge us to believe that entertaining a mistaken belief about ongoing litigation for nearly a year is justified by an attorney's heavy case load. Keeping track of the facts and parties involved in multiple cases, however, is a task attendant upon any attorney. Failure to do so is neglect. It is not, however, excusable. Appellant's mistaken belief is further called into question when one considers that Appellant and Appellee continued to engage in discovery throughout that year. How could Appellant, in good faith, believe that a party with which he continued to engage in discovery had actually been voluntarily dismissed from the suit?
 {¶ 12} Appellant's argument in this matter is even further flawed. Appellant obviously had notice of the original motion — he requested, and received, a continuance of time in which to respond. Appellant claims he failed to respond due to the mistaken belief that Appellee had been voluntarily dismissed. Yet, Appellant did not begin to voluntarily dismiss any insurance companies from this suit until over three months after his response to Appellee's summary judgment motion was due. It is inapposite to claim that the failure to respond to a motion was due to a mistaken belief concerning voluntary dismissal of parties which did not begin to occur until over three months after the deadline for that original response.
 {¶ 13} The trial court in this case reached the correct result by denying Appellant's Civ.R. 60(B) motion. Where the judgment of the trial court is correct, we may affirm that judgment even where we disagree with the rationale used by the trial court to reach that result. See Agee v. Russell (2001),92 Ohio St.3d 540, 544. Accordingly, we find that Appellant has not shown that his failure to respond to Appellee's motion for summary judgment was due to excusable neglect, and we overrule Appellant's assignment of error.
 III. {¶ 14} We overrule Appellant's assignment of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J. Concur.