DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} In March 2001, Shelly Crouse went to an automobile dealership operated by Spitzer Auto World Amherst Inc. for the purpose of leasing a new car. *Page 2 
She chose a car and negotiated with Spitzer regarding the terms upon which she would lease it. It was initially contemplated that her lease would be with GMAC. Apparently, however, GMAC refused to complete the transaction, and Spitzer arranged for FirstMerit Bank to lease the car to her. When Ms. Crouse received her payment book from FirstMerit, she discovered that it contained coupons for 60 monthly payments. Since she understood the deal that she had reached with Spitzer to have been for a 36-month lease, she refused to make payments to FirstMerit. FirstMerit repossessed the car, sold it, and commenced this lawsuit against her for the balance due on the lease. Ms. Crouse filed what she captioned a "Third Party Complaint" against Spitzer. Eventually the trial court dismissed her claim against Spitzer for failure to prosecute. She then moved for relief from that dismissal under Rule 60(B) of the Ohio Rules of Civil Procedure based upon excusable neglect and fraud upon the court. The court granted her relief from judgment, but did so based upon a circumstance other than those she had argued entitled her to relief. The primary issue before this Court is whether a trial court may grant relief from judgment based upon circumstances other than those argued by the moving party. This Court reverses the order granting Ms. Crouse relief from judgment because the trial court was limited to considering the circumstances argued by Ms. Crouse and because she was not entitled to relief based upon those circumstances. *Page 3 
 I. {¶ 2} FirstMerit filed its complaint against Ms. Crouse in April 2002. She did not answer, and the trial court granted FirstMerit a default judgment against her. In October 2002, the trial court vacated the default judgment, and Ms. Crouse filed an answer to FirstMerit's complaint.
 {¶ 3} On January 24, 2003, Ms. Crouse caused a summons to be served on Spitzer, along with a pleading that was captioned "Third Party Complaint." That pleading contained allegations that Spitzer had committed fraud, had violated the Ohio Consumer Sales Practices Act, and had violated the Federal Truth in Lending Act in connection with the transaction by which Ms. Crouse had obtained the car.
 {¶ 4} On May 22, 2003, Spitzer moved for a stay and an order compelling Ms. Crouse to submit her claims against it to arbitration. The basis for Spitzer's motion was a Buyer's Agreement allegedly signed by Ms. Crouse on April 5, 2001, the same day she had signed the lease agreement with FirstMerit. On September 3, 2003, the trial court entered an order granting Spitzer's motion to compel arbitration. Unfortunately, rather than referring to the moving party as Spitzer or "third party defendant," it incorrectly referred to the moving party as "defendant":
 Defendant's motion to compel arbitration is granted. Parties to notify Court within 90 days regarding the status of the arbitration. *Page 4 
 {¶ 5} Three weeks later, the court amended its order to make it clear that it was staying the proceedings before it while the arbitration took place. The amended order continued to refer to Spitzer as defendant.
 {¶ 6} Apparently no effort was made by FirstMerit, Ms. Crouse, or Spitzer to initiate arbitration. Further, none of the parties reported anything to the trial court as they had been directed to do. On April 27, 2005, over a year and a half after the order staying proceedings and compelling arbitration, the court entered an order noting that there had been no activity in the case and threatening a dismissal. Although not as obvious, that order apparently continued the confusion regarding party designations that had begun with the September 3, 2003, order:
 [T]o avoid dismissal for failure to prosecute, plaintiff must resume zealous pursuit of this matter by informing the Court as to the result of any arbitrations held. The Court hereby orders plaintiff to file said report by May 15, 2005. If plaintiff does not so contact the Court by said date, the Court will dismiss this case with prejudice for failure to prosecute.
 {¶ 7} Again, none of the parties took any action by the deadline imposed by the court. On May 19, 2005, Spitzer moved the court to dismiss "this matter" with prejudice. In support of its motion, it asserted that Ms. Crouse had taken no action to prosecute her claims against Spitzer following the order compelling arbitration. It also pointed out that neither FirstMerit nor Ms. Crouse had responded to the court's April 27, 2005, order. The following day, May 20, 2005, the trial court dismissed the entire case with prejudice for failure to prosecute. *Page 5 
 {¶ 8} One week later, on May 27, 2005, FirstMerit, without acknowledging that the case had already been dismissed, filed a response to Spitzer's motion to dismiss and, at that same time, moved the court to lift its stay. For the first time, it pointed out that it was not a party to the alleged agreement to arbitrate. It argued that, because Spitzer had failed to initiate arbitration proceedings, the court should deny Spitzer's motion. It further argued that the court should lift the stay to permit FirstMerit to pursue its original claim against Ms. Crouse.
 {¶ 9} On June 2, 2005, the court entered an order denying FirstMerit's motion to lift the stay. In doing so, it noted that FirstMerit had been sent a copy of its April 27, 2005, order and had taken no action in response. It wrote that the May 20, 2005, dismissal had been "on its own motion" and that it had considered Spitzer's motion to dismiss moot.
 {¶ 10} On June 9, 2005, FirstMerit moved for relief from that part of the court's judgment that had dismissed its claim against Ms. Crouse. In part, its motion was based on an assertion that it had never received a copy of the trial court's April 27, 2005, order.
 {¶ 11} On June 15, 2005, Spitzer responded to FirstMerit's motion. It argued that FirstMerit had been dilatory and that its claim against Ms. Crouse should not be reinstated. Alternatively, it argued that, even if the court reinstated *Page 6 
FirstMerit's claim against Ms. Crouse, it should not reinstate Ms. Crouse's claim against Spitzer. Ms. Crouse remained unheard from.
 {¶ 12} The trial court held a hearing on FirstMerit's motion for relief from judgment on August 10, 2005. FirstMerit and Spitzer attended, but Ms. Crouse did not. The following day, the trial court issued an order granting FirstMerit relief from judgment, but providing that Ms. Crouse's claims against Spitzer remained dismissed.
 {¶ 13} On November 18, 2005, Ms. Crouse reappeared and moved the court for relief from the trial court's "Orders dated May 20, 2005, and August 11, 2005, which dismissed Third Party Plaintiffs claims with prejudice." The sole ground she argued in support of her motion was that Spitzer had committed "fraud, misrepresentation or other misconduct" within the meaning of Rule 60(B)(3) of the Ohio Rules of Civil Procedure. In support, she asserted that her signature on the April 1, 2005, Buyer's Agreement that contained the arbitration clause was a forgery and that Spitzer had known it was a forgery since August 26, 2003. Ms. Crouse's explanation for not having brought the alleged forgery to the court's attention earlier was that the parties had been engaged in settlement negotiations.
 {¶ 14} On November 30, 2005, Spitzer responded to Ms. Crouse's motion for relief from judgment, arguing that she had failed to show that she was entitled to relief under Rule 60(B)(3). The court held a hearing on Ms. Crouse's motion *Page 7 
on December 28, 2005. Apparently, at that hearing, the court granted Ms. Crouse 15 days in which to file evidence substantiating her claim for relief.
 {¶ 15} On January 12, 2006, Ms. Crouse filed a document captioned "Brief with Supporting Evidentiary Material." There were a number of items attached, including a transcript of Ms. Crouse's deposition. In that brief, for the first time, she argued that she was not only entitled to relief under Rule 60(B)(3), but that she was also entitled to relief under Rule 60(B)(1) for excusable neglect based upon her lawyer's failure to attend the hearing held by the trial court on August 10, 2005. She also acknowledged in that brief that she had not objected to the dismissal of the entire case, but that she found it "highly objectionable" that FirstMerit's claim against her had been reinstated but her claim against Spitzer had not been.
 {¶ 16} On January 20, 2006, Spitzer responded to Ms. Crouse's latest brief. It argued that Ms. Crouse had failed to show that she was entitled to relief under Rule 60(B)(3). It also argued that it was too late for Ms. Crouse to raise her argument that she was entitled to relief under Rule 60(B)(1). Finally, it argued that, if the court considered her Rule 60(B)(1) argument, she had failed to demonstrate that her lawyer's neglect to attend the hearing was excusable.
 {¶ 17} On May 18, 2006, the trial court granted Ms. Crouse's motion for relief from judgment. It did not do so, however, based upon either of the arguments she had presented in support of her motion. Rather, it wrote that it was *Page 8 
granting relief under Rule 60(B)(5) based on a circumstance supposedly "tangentially raised" by Ms. Crouse:
 Although the parties have certainly argued their positions well, the Court finds that there is an overriding issue that causes this Court to grant the relief requested. This issue was tangentially raised in the brief in support of relief. Specifically, the Third Party Complaint of Crouse was dismissed as a result of noncompliance with the order time stamped April 27, [2005]. Said order required the Plaintiff to file a report with the Court by May 15, 2005 which indicated the status of the arbitration. Since no report was filed all claims in the case were dismissed. The problem herein is two fold. Plaintiff was never to be a part of the arbitration. Third Party Plaintiff Crouse and Third Party Defendant Spitzer were to participate in the arbitration. Secondly, and inherently problematic, is that the interests of the Plaintiff, and those of Defendant/Third Party Plaintiff, conflict. This order then places Plaintiff in a position to have Defendant's Third Party Complaint be dismissed through inaction. This is grounds under Civil Rule 60(B)(5). The Court further finds that Crouse has presented sufficient evidence to meet her requirement of a meritorious claim and relief has been requested within a reasonable time. As such, the order dismissing the Third Party complaint is vacated.
Spitzer appealed to this Court and assigned one error. Ms. Crouse failed to file a brief with this Court.
 II. {¶ 18} Spitzer's sole assignment of error is that the trial court incorrectly granted Ms. Crouse's motion for relief from judgment. It has argued that the trial court incorrectly relied upon Rule 60(B)(5) as a basis for its ruling because Ms. Crouse had failed to argue that she was entitled to relief under that part of the rule. It has further argued that she was not entitled to relief under either subpart (1) or (3) of Rule 60(B), the subparagraphs she did raise. *Page 9 
 {¶ 19} The order from which Spitzer has appealed vacated the earlier judgment granted by the trial court. This Court, therefore, has jurisdiction pursuant to Section 2505.02(B)(3) of the Ohio Revised Code.
 A. {¶ 20} This Court has recognized that a trial court cannot sua sponte vacate a final judgment:
 We have previously recognized that Civ.R. 60(B) provides "the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment."
Rice v. Bethel Assoc. Inc., 35 Ohio App. 3d 133, 134 (1987) (quotingCale Prod. Inc. v. Orrville Bronze Alum. Co., 8 Ohio App. 3d 375, 378
(1982)). In this case, Ms. Crouse filed a motion for relief from judgment under Rule 60(B), but did not cite the subpart of that rule relied upon by the trial court or argue the circumstance the trial court determined entitled her to relief under that subpart.
 {¶ 21} This Court has also, at least implicitly, recognized that when a party cites one subpart of Rule 60(B) as support for its motion for relief from judgment but the circumstances argued more appropriately fit under another subpart, the court should determine whether the moving party is entitled to relief under the more appropriate subpart. InTechnical Serv. Co. v. Trinitech Internat'l. Inc., 9th Dist. No. 21648, 2004-Ohio-965, a judgment was entered against the plaintiffs on a counterclaim. Almost a year later, they moved for relief from that judgment, citing subpart (5) of Rule 60(B). The trial court denied their motion, and they *Page 10 
appealed to this Court. On appeal, they argued that the trial court had incorrectly analyzed their entitlement to relief under subpart (1) of Rule 60(B), which they had not cited in support of their motion, instead of under subpart (5), which they had cited in support of their motion. This Court determined that the circumstances relied upon by the plaintiffs in support of their motion "smack[ed] of `excusable neglect' and thus, [they found] that there was no reason to invoke the less specific catchall provision, Civ.R. 60(B)(5)." Id. at ¶ 18. Upon determining that the circumstances relied upon by plaintiffs did not appropriately fall under subpart (5), the Court did not conclude that their motion should have been denied without further consideration. Rather, it determined that it was necessary to consider whether they were entitled to relief under subpart (1):
 Because we find that Civ.R. 60(B)(1) applies to the instant matter, we must next determine whether the trial court abused its discretion when it concluded that Appellants failed to demonstrate "excusable neglect."
Id. Accordingly, just the fact that the trial court relied upon a subpart of Rule 60(B) not cited by Ms. Crouse would not lead to a reversal in this case if she had argued she was entitled to relief based upon a circumstance properly falling under that subpart.
 {¶ 22} The problem in this case is that Ms. Crouse did not argue that she was entitled to relief based upon the circumstance relied upon by the trial court in granting that relief. As noted above, in granting Ms. Crouse's motion, the trial court wrote that it was doing so based upon a circumstance that she had *Page 11 
supposedly "tangentially raised." Apparently that circumstance was that, by using the term plaintiff in its April 27, 2005, order, the trial court had inadvertently directed FirstMerit to inform it of the result of any arbitration proceeding rather than directing Ms. Crouse to do so, as it had intended. This Court has reviewed both Ms. Crouse's brief of November 18, 2005, and her brief of January 12, 2006, and cannot find that circumstance raised as a basis for relief from judgment, tangentially or otherwise. The closest she came to doing so is a single sentence in her January 12, 2006, brief in which she recited the fact that "plaintiff was to notify "the Court of the status of the Arbitration, and failure to do so resulted in a dismissal of all claims." This case, therefore, does not present a situation in which the circumstances argued by the moving party more appropriately fit within a different subpart than the subpart cited by the moving party. Rather, it presents a situation in which the trial court relied upon a circumstance not argued by the moving party to determine that the moving party was entitled to relief based upon a subpart of the rule she had not cited.
 {¶ 23} In Rice, this Court noted that one of the problems with allowing a court to sua sponte grant relief from judgment is that the party who had obtained the judgment would not be afforded an opportunity to respond:
 In light of these circumstances, it appears that Rice obtained Civ.R. 60(B) relief from the trial court without fulfilling the requirements for such or allowing Bethel an ample opportunity to respond. The Ohio Civil Rules and due process require that such practice not be tolerated. *Page 12 
Rice, 35 Ohio App. 3d at 134; see Mitseff v. Wheeler,38 Ohio St. 3d 112, 115 (1988) ("[T]he requirement that the moving party, here appellee, be specific in his reasons for requesting summary judgment provides the non-moving party with the information needed to formulate an appropriate response as required by Civ.R. 56(E).") That is, at least in part, why Rule 7(B)(1) of the Ohio Rules of Civil Procedure provides that a motion, "whether written or oral, shall state with particularity the grounds therefor
 {¶ 24} In this case, Spitzer responded in opposition to Ms. Crouse's motion for relief but did not argue that she was not entitled to relief based upon the trial court's direction to "plaintiff to report the result of any arbitration. It had no reason to make that argument because Ms. Crouse had never suggested that she was entitled to relief based upon that circumstance.
 {¶ 25} The trial court's granting of Ms. Crouse's motion for relief from judgment based upon a circumstance that she had not argued entitled her to relief amounted to sua sponte action by the trial court. A trial court cannot sua sponte vacate its own judgment. Accordingly, it erred by vacating its judgment based upon that circumstance.
 B. {¶ 26} Ms. Crouse did argue that certain circumstances entitled her to relief from judgment under subparts (1) and (3) of Rule 60(B). Although the trial court did not consider whether Ms. Crouse was entitled to relief based upon those *Page 13 
circumstances, this Court will do so because of its duty to "affirm the decision if it was legally correct on other grounds." Jones v. GoodyearTire And Rubber Co., 9th Dist. No. 21724, 2004-Ohio-2821, at ¶ 23.
 {¶ 27} In order to be entitled to relief from judgment, a party must satisfy the three prong test set forth by the Ohio Supreme Court inGTE Automatic Elec. Inc. v. ARC Indust. Inc., 47 Ohio St. 2d 146, paragraph two of the syllabus (1976):
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
This Court will focus on the second prong of that test, because, since it has concluded that Ms. Crouse failed to satisfy that prong, it is unnecessary to determine whether she satisfied the other two.
 {¶ 28} As mentioned previously, although Ms. Crouse did not raise her lawyer's "excusable neglect" as a circumstance entitling her to relief in her motion for relief, she did raise it in her January 12, 2006, brief. Spitzer has not argued on appeal that her failure to raise it in her original motion was a waiver, and, particularly since Spitzer responded to the merits of her excusable neglect argument in its January 20, 2006, brief, this Court will not treat that failure as a waiver in this case. *Page 14 
 {¶ 29} The circumstance that Ms. Crouse argued constituted excusable neglect was her lawyer's failure to appear at the August 10, 2005, hearing on FirstMerit's motion for relief from judgment. Her explanation for that failure was that her lawyer had gotten tied up in another courtroom and forgot about the hearing on FirstMerit's motion:
 Counsel for Crouse had every intention of attending the hearing scheduled for August 10, 2005 at 2:30 p.m., but was duly attending to five (5) criminal hearing[s] in Judge Betleski's room scheduled at 2:00 p.m. Counsel for Crouse became extensively involved in these hearings in Judge Betleski's room and completely forgot about the hearing scheduled in Judge Janas' room on this case.
 {¶ 30} There are at least two problems with Ms. Crouse's attempt to show excusable neglect. First, final judgment was entered against her on May 20, 2005. Her lawyer's neglect in failing to attend the hearing on FirstMerit's motion to vacate on August 10, 2005, even if it had been excusable, could not have caused judgment to have been entered against her over two months earlier. Second, her lawyer's neglect was not excusable. As this Court wrote in Zimmerman v. Rourke, 9th Dist. No. 04CA008472, 2004-Ohio-6075, at ¶ 9 (citing Vanest v. Pillsbury Co.,124 Ohio App. 3d 525, 538 (1997)), "[f]ailure to act in one case due to preoccupation with other litigation is not excusable neglect." Ms. Crouse was not entitled to relief from judgment based upon Rule 60(B)(1).
 {¶ 31} The circumstance that Ms. Crouse argued entitled her to relief under Rule 60(B)(3) was her assertion that her signature on the Buyer's Agreement, the document that contained the arbitration clause, was forged: *Page 15 
 The deposition testimony presented by Shelly Crouse on August 16, 2003, sets forth the undisputed evidence that Shelly Crouse's signature was forged on the document utilized by Spitzer in support of it's request for Arbitration. . . . A fraud has been perpetrated upon this Court by Third Party Defendant, Spitzer, in relying on a document in which Shelly Crouse's signature was forged in order to have this Court refer this case to Arbitration.
 {¶ 32} The type of fraud or misconduct that would have been involved in forging Ms. Crouse's name on the Buyer's Agreement is not the type of fraud or misconduct contemplated by Rule 60(B)(3). The fraud or misconduct contemplated by Rule 60(B)(3) is fraud or misconduct involved in obtaining the judgment, not fraud or misconduct that would have amounted to a claim or defense in the case itself:
 With regard to Civ.R. 60(B)(3), "[i]n order to set aside a final judgment for fraud, misrepresentation or other misconduct of the adverse party, the conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." . . . Further, the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based.
LaSalle National Bank v. Mesas, 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 15 (quoting Tower Mgmt. Co. v. Barnes, 8th Dist. No. 51030, 1986 WL 8623 at *3) (other citations omitted). If Ms. Crouse's signature on the Buyer's Agreement was a forgery, perhaps that would have been a defense to Spitzer's motion for an order compelling arbitration. She was not prevented from fully and fairly presenting that potential defense when Spitzer moved. Further, to the extent that alleged forgery would have supported her claims on the merits against Spitzer, she *Page 16 
would not have been prevented from relying on it for that purpose. Ms. Crouse was not entitled to relief from judgment based upon Rule 60(B)(3).
 III. {¶ 33} Ms. Crouse was not entitled to relief from judgment based upon Rule 60(B) of the Ohio Rules of Civil Procedure. Spitzer's assignment of error is sustained. The trial court's May 18, 2006, order granting Ms. Crouse's motion for relief from judgment is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 17 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 SLABY, P.J. MOORE, J. CONCUR. *Page 1