DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Shawntae Cottle, appeals from the decision of the Summit County Domestic Relations Court. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Kenndale Smith, have two children in common. On April 27, 2004, the Child Support Enforcement Agency initiated this case on Appellant's behalf as a condition of receiving public assistance. Appellee was determined to be the father of the two children in question and child support was set. On November 17, 2005, Appellee filed a post-decree motion to reallocate parental rights and to become the custodial parent of the two children. This *Page 2 
motion was not formally served on Appellant. At some point, Appellant learned of Appellee's motion and was informed that she needed to attend the court's "Working Together Program" with Appellee to attempt to settle the issue. Both parties attended the program. On May 4, 2006, the parties, both pro se, attended an initial settlement conference with a magistrate. During this conference, the parties discussed dates for a settlement conference and an evidentiary hearing. The magistrate set September 1, 2006 for the settlement conference and October 13, 2006 for the evidentiary hearing. Appellant was also informed of a contempt hearing set on August 22 to consider Appellee's failure to pay child support. The magistrate confirmed Appellant's address; however, Appellant intentionally gave the wrong address to the magistrate so that Appellee would not find out where she and the children lived.
 {¶ 3} Notices to Appellant regarding the September 1, 2006 settlement conference and the October 13, 2006 evidentiary hearing were sent to the address Appellant had given the magistrate at the May 4, 2006 hearing. On June 14, 2006, the settlement conference was postponed to September 7, 2006, and notice was again sent to the address Appellant had given. Appellant did not attend the September 7, 2006 conference. At this conference, the magistrate ordered that Appellee be granted parenting time and that the October 13, 2006 evidentiary hearing would take place to hear Appellee's motion on reallocation of parental rights. The decision was sent to Appellant, but was returned to the court on *Page 3 
September 25, 2006. Similarly, a notice sent to Appellant regarding Appellee's contempt of court for failure to pay child support was also returned to the court. Appellant did not attend the October 13, 2006 evidentiary hearing. At this hearing, the magistrate determined that Appellee should be the residential parent. The trial court adopted the magistrate's findings of facts and conclusions of law. After learning that the Akron Police Department was looking for her children, Appellant obtained counsel and on November 17, 2006, filed a motion for relief from judgment and an appeal to this Court. On December 7, 2006, this Court dismissed the appeal for lack of a final appealable order. On December 8, 2006, the trial court held a hearing on Appellant's motion for relief from judgment. On January 9, 2007, the trial court denied Appellant's motion and entered judgment allocating residential parent status to Appellee. Appellant timely appeals from this decision, raising two assignments of error for our review.
 III. ASSIGNMENT OF ERROR I "THE COURT ABUSED ITS DISCRETION BY NOT GRANTING RELIEF FROM JUDGMENT TO [APPELLANT] TO PERMIT A FULL AND FAIR HEARING TO DETERMINE THE BEST INTEREST OF THE CHILDREN."
 {¶ 4} In her first assignment of error, Appellant contends that the trial court abused its discretion by not granting relief from judgment to her to permit a full and fair hearing to determine the best interest of the children. We do not agree. *Page 4 
 {¶ 5} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any one of these three requirements is not met, the motion is properly overruled. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 6} The question of whether relief should be granted is within the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 19-20. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., (1993),66 Ohio St.3d 619, 621.
 {¶ 7} We begin our analysis by noting that Appellant's motion was timely filed. Civ.R. 60(B) mandates that a motion "shall be made within a reasonable time," and for reasons of mistake, inadvertence, surprise or excusable neglect, "shall be made not more than one year after the judgment, order or proceeding was *Page 5 
entered or taken." In the instant case, the entry from which Appellant moved for relief from judgment was filed on October 23, 2006. Appellant filed her motion on November 17, 2006. Therefore, we find that the motion was filed within a reasonable time. Accordingly, Appellant satisfied the third prong of the GTE test. In addition, Appellant alleged in her motion a valid claim, i.e., that Appellee's allegations against her regarding neglect were unfounded and that it was in the children's best interest to remain in her custody. While Appellant offered no evidentiary materials in support of her defense, a movant need only allege a meritorious defense, not prove that she would prevail on that defense. Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 67. Accordingly, Appellant satisfied the first prong of theGTE test. We next must determine whether Appellant demonstrated excusable neglect, thus satisfying the second prong of the GTE test. Appellant specifically contends that her failure to attend the adjudicatory hearing on the reallocation of parental rights was the result of "mistake, inadvertence, surprise or excusable neglect" under Civ.R. 60(B). We do not agree.
 "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" (Citations omitted.) Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
In determining whether the trial court erred, we are mindful that "Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result." *Page 6 Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21. "Any doubt should be resolved in favor of the movant so that cases may be decided on the merits." Blasco v. Mislik (1982), 69 Ohio St.2d 684, 688, citingGTE, 47 Ohio St.2d at 151. In the instant case, Appellant failed to attend any hearings regarding the instant matter. Further, she concedes in her brief that she intentionally gave the trial court the wrong address for service.[1] We have previously stated that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." (Citations omitted.)Zimmerman v. Rourke, 9th Dist. No. 04CA008472, 2004-Ohio-6075, at ¶ 9. While it is true that Appellant did not receive notice of the September 7, 2006 settlement hearing or the October 13, 2006 evidentiary hearing, it cannot be said that she had a complete lack of notice. On the contrary, Appellant was repeatedly informed at the May 4, 2006 hearing of the upcoming dates. In fact, Appellant participated in the conversation regarding the choice of date and time:
 "How about September the 1st for a settlement conference? Would that be okay?
 "MR. SMITH: I want it as soon as possible.
 "[APPELLANT]: Yeah, that's okay. *Page 7 
 "THE COURT: *** On September the 1st, I have 9:00, 10:00 or 11:00. Do you have any preference?
 "[APPELLANT]: Ten.
 "*** "[APPELLANT]: That's 10:00 a.m., and would that be at the same place we're at today?"
The trial court then went on to set a date for the evidentiary hearing, explaining again that "we are going to review this information on September the 1st. You would actually have a hearing where you would present testimony and witnesses on October the 13th." It is clear from these conversations that Appellant was well informed of and understood the need to be present at the hearings. While the September 1, 2006 hearing was postponed to September 7, 2006, had Appellant attempted to attend the September 1, 2006 hearing, she would have been informed of the date change. As such, we cannot say Appellant completely lacked notice of the hearings, amounting to excusable neglect. Appellant further urges this Court to find excusable neglect due to the fact that she did not understand the legal process and that she had no attorney to help her. We have stated that
 "[a]cting pro se, however, is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel. If the fact that a party chose not to be represented by counsel and was unsuccessful in pursuing his rights entitled that party to relief from judgment, every judgment adverse to a pro se litigant could be vacated to permit a second attempt, this time with counsel. Such a circumstance would be unjust to the adverse party." (Internal citations omitted.) Ragan v. Akron Police Dept. (Jan. 19, 1994), 9th Dist. No. 16200, at *3. *Page 8 
 {¶ 8} Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED ERROR BY REALLOCATING PARENTAL RIGHTS AS RESIDENTIAL PARENT WITHOUT FINDING A CHANGE IN CIRCUMSTANCES."
 {¶ 9} In her second assignment of error, Appellant contends that the trial court committed error by reallocating parental rights as residential parent without finding a change in circumstances. We decline to address this issue.
 {¶ 10} We note that Appellant failed to object to the magistrate's decisions that culminated in the reallocation of parental rights. Pursuant to Civ.R. 53(D)(3)(b), Appellant could have filed written objections to the magistrate's decision within fourteen days after the filing of that decision. Absent objections to the magistrate's findings or conclusions, a party shall not assign as error on appeal the magistrate's findings or conclusions as stated in the decision or "the court's adoption of any finding of fact or conclusion of law[.]" (Emphasis and quotations omitted.) Lewis v. Savoia (Aug. 28, 1996), 9th Dist. No. 17614, at *1. See, also, Civ.R. 53(D)(3)(b). Due to Appellant's failure to object to the magistrate's decision, she has deprived the trial court of the opportunity to correct the alleged errors in the first instance and has thereby forfeited her right to appeal the findings and conclusions contained in the magistrate's decision. See In re Etter (1998), 134 Ohio App.3d 484, 492, citingGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. See, also,Lewis, supra, at *1; In re Clayton (Nov. 9, 2000), 8th Dist. No. *Page 9 
75757, at *6 (O'Donnell, P.J., dissenting). Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 11} Appellant's assignments of error are overruled and the judgment of the Summit County Domestic Relations Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 10 
SLABY, P. J., BAIRD, J., CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellant admitted at the December 8, 2006 hearing on her motion for relief from judgment that the address she gave the court on May 4, 2006 was a friend's address. She explained that she gave this address because she did not want Appellee to know where she lived. While Appellant's desire not to disclose her address to Appellee is understandable, she certainly could have contacted the court to advise of her correct address for notice purposes. *Page 1