DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Angela Messer ("Mother"), appeals from the decision of the Lorain County Juvenile Court. This Court affirms.
 I. {¶ 2} On August 29, 2007, Appellee, Kevin Morris ("Father"), filed a petition to determine the allocation of parental rights and responsibilities of Mother and Father regarding their minor child. Father attached a proposed shared parenting plan to his petition. On September 20, 2007, Mother and Father agreed to share the parenting of their child during the pendency of the case, with Mother to establish residency for school enrollment purposes. Father was to have parenting time. On January 31, 2008, the trial court ordered Father to pay Mother temporary child support. On February 6, 2008, Mother's counsel withdrew as counsel of record. On February 15, 2008, a settlement conference was called, but Mother did not attend due to lack *Page 2 
of transportation. At that time, the case was set for a final pretrial to be held on April 18, 2008, with the contested trial set for May 22, 2008.
 {¶ 3} On May 22, 2008, the matter proceeded to trial. Mother appeared without counsel. After the completion of trial testimony, the trial court conducted an in camera interview with the child. On July 1, 2008, the trial court granted Father custody, and granted Mother visitation. The trial court further ordered Mother to pay child support. On July 29, 2008, Mother filed a motion for relief from judgment and a motion to stay the judgment pending appeal. The trial court denied the motion to stay, but did not explicitly rule on the motion for relief from judgment. Also on July 29, 2008, Mother filed a timely notice of appeal. She has raised one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "WHERE [FATHER], UNTIL APPEARING AT TRIAL HAD SOUGHT ONLY COMPANIONSHIP WITH THEIR CHILD, WITH [MOTHER] BEING DESIGNATED AS THE SCHOOL RESIDENTIAL PARENT, IT WAS ERROR FOR THE COURT TO GIVE [MOTHER] TWO CHOICES, (1) TO NEGOTIATE WITH [FATHER] OR (2) GO TO TRIAL, WITHOUT GIVING [MOTHER] ANY OPTION TO REQUEST A CONTINUANCE."
 {¶ 4} In her sole assignment of error, Mother contends that the trial court should have given her the option to request a continuance based on the fact that she did not have notice that Father was requesting custody of their child. We do not agree.
 {¶ 5} Specifically, Mother contends that she did not know before she arrived at the hearing that it would be a full trial on custody. "At no point of time prior to trial did [Mother] realize that the issue of custody was going to be contested." To this end, she argues that the trial court should have given her the option to continue the custody hearing. Essentially, Mother argues that because she was proceeding pro se, the trial court should have informed her of the *Page 3 
option to request a continuance. We acknowledge that the trial court may grant reasonable leeway to pro se litigants. However, this must be balanced with the trial court's duty to subject pro se litigants to the same rules and procedures as a represented litigant. See BusinessData Sys., Inc. v. Gourmet Cafe Corp., 9th Dist. No. 23808,2008-Ohio-409, at ¶ 11. The record reflects that the trial court attempted to aid Mother by explaining to her in detail what was going to happen at the hearing and what she stood to lose by proceeding. Mother indicated that she wished to proceed. The trial court then asked for opening remarks and when Mother questioned the trial court, the court explained the meaning of opening remarks. The trial court then again explained to the parties the stakes of the hearing and urged them to attempt to negotiate a settlement. The trial court stated,
 "[Mother], you need to understand that if you don't know the rules of evidence when you're in a courtroom, if you don't have evidence, if you haven't subpoenaed anyone, if you don't intend to put on any evidence, if you don't have the wherewithal to be able to cross-examine witnesses that [Father] puts on the stand then you're going, you've put yourself at an extreme disadvantage. *** I'm prepared to go forward and [Father's counsel] can call his first witness, unless there is something I don't know."
 {¶ 6} Regardless of the trial court's clear attempt to caution and reasonably guide Mother through the hearing, the trial court correctly informed Mother that she would be subject to the same standards as Father's attorney. While we sympathize with Mother's attempt to proceed pro se and recognize that parties have the right to represent themselves at trial, we have consistently held that we "will not waive the requirements imposed by the Civil Rules of Procedure simply because one of the litigants is proceeding pro se." Martin v. Wayne Cty. Nat. BankTrust, 9th Dist. No. 03CA0079, 2004-Ohio-4194, at ¶ 16. In acknowledging her pro se status, the trial court stated that "you need to understand that you are going to be held to the same standard as I hold [Father's counsel] for purposes of going forward on this matter. [] I can't help *Page 4 
you. My guess is that you may not be aware of all the rules and it could become frustrating, but there is nothing that I can do to assist you in that matter." As we have previously stated, the trial court was correct to subject Mother to the same standards as it would Father's counsel.Cottle v. Smith, 9th Dist. No. 23582, 2007-Ohio-5103, at ¶ 7 (stating that "[a] party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel"). Therefore, the trial court was under no obligation to explain every option to Mother, nor was it permitted to make decisions on her behalf. Mother's argument that the trial court should have apprised her of the option to move for a continuance is without merit.
 {¶ 7} We conclude that Mother has waived for purposes of appeal the issue of whether the trial court should have granted her a continuance. Prior to receiving evidence at the proceeding, the trial court questioned Mother about her willingness to proceed with the custody hearing. Mother indicated that she did not realize that the hearing was going to involve any possible change to her status as residential parent and that she "thought this was for the final say-so in child support and the final say-so for visitation." The trial court then gave the parties a few moments to discuss the custody issue to determine if they could reach an agreement. This discussion was not fruitful, and the trial court asked Mother if she wished to proceed to a contested hearing. Mother stated "Yes. I'm not giving my residential custody." To support her argument that she requested a continuance, Mother states that at the custody hearing she requested time to retain an attorney. However, Mother does not point to any portion of the record that would support this request. App. R. 16(A)(7). Accordingly, we may disregard this argument. App. R. 12(A)(2). Even a broad reading of the discussions prior to the custody hearing does not reveal that Mother requested a continuance. Just as the trial court was not *Page 5 
required to excuse Mother's lack of knowledge of her duty to move for a continuance, neither must we.
 {¶ 8} Because Mother has affirmatively waived any request for a continuance, we are precluded from reviewing her assigned error on appeal. State v. Hairston, 9th Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 9. Accordingly, Mother's sole assignment of error is overruled.
 III. {¶ 9} Mother's assignment of error is overruled. The judgment of the Lorain County Juvenile Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant. *Page 6 
WHITMORE, J. CONCURS