[Cite as *Brooke v. James R. Rea Ents., Inc.*, 2011-Ohio-1531.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JACK BROOKE

    Appellee

    v.

JAMES R. REA ENTERPRISES, INC.,
et al.

    Appellants

C. A. No.    25433

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2009-11-8017

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

WHITMORE, Judge.

{¶1}   Defendant-Appellants, James Rea and James R. Rea Enterprises, Inc. ("Rea Enterprises"), appeal from the judgment of the Summit County Court of Common Pleas, denying their motion to vacate judgment in favor of Plaintiff-Appellee, Jack Brooke.  This Court affirms.

I

{¶2}   On June 5, 2009, Brooke sustained numerous injuries, including multiple skull fractures, outside of an establishment owned by Rea Enterprises.  Brooke was unable to fully recall how he sustained his injuries, but believed that he was assaulted by Rodney Lehman, a doorman/bouncer for Rea Enterprises.  Brooke also believed that Lehman was working on the night in question and attacked him in the course and scope of his employment.

{¶3}   On November 3, 2009, Brooke filed suit against Rea Enterprises, its owner, Rea, and Lehman.  All three named defendants failed to answer and, on December 23, 2009, Brooke filed a motion for default judgment and requested a hearing on damages.  Before the court

scheduled a hearing, Rea filed a pro se "request for hearing" on January 6, 2010. The court set the matter for a hearing on February 19, 2010. Brooke, Rea, and Lehman all attended the hearing. On March 19, 2010, the trial court entered default judgment in favor of Brooke and against Rea and Rea Enterprises, jointly and severally, in the amount of $58,807.15, plus $150,000 for pain and suffering.

{¶4} On May 14, 2010, Rea and Rea Enterprises filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5). The trial court denied the motion on May 27, 2010.

{¶5} Rea and Rea Enterprises now appeal from the trial court's judgment, denying their motion to vacate. They raise one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS (MR. REA, AND REA ENTERPRISES, INC.), AND ABUSED ITS DISCRETION, WHEN IT DENIED MR. REA'S, AND REA ENTERPRISES, INC.'S CIV.R. 60(B) MOTION FOR RELIEF FROM THE TRIAL COURT'S PREVIOUS ORDER GRANTING DEFAULT JUDGMENT FOR MR. BROOKE."

{¶6} In their sole assignment of error, Rea and Rea Enterprises argue that the trial court abused its discretion when it refused to vacate the default judgment against them. Specifically, they argue that they asserted a meritorious defense in a timely Civ.R. 60(B) motion and showed that they were entitled to relief under either Civ.R. 60(B)(1) or (5). We disagree.

{¶7} "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions L.L.C.*, 9th Dist. No. 24699, 2010-Ohio-418, at ¶8, citing *Strack v. Pelton* (1994), 70 Ohio St.3d 172,

174. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶8} Civ.R. 60(B) provides for relief from judgment in certain instances, including excusable neglect and "any other reason justifying relief." Civ.R. 60(B)(1); (B)(5).

> "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

Because the three-part test set forth in *GTE Automatic* is a conjunctive one, a trial court properly denies a Civ.R. 60(B) motion that fails to satisfy any of the foregoing requirements. *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. No. 25297, 2010-Ohio-6000, at ¶10. With that in mind, we first address Rea and Rea Enterprises' argument that they showed they were entitled to relief under Civ.R. 60(B)(1) or (5).

{¶9} Rea and Rea Enterprises argue that they demonstrated excusable neglect in the court below because the record reflects that they acted in good faith throughout the proceedings and desired to file an answer. They further argue that they filed a written request for a hearing because someone at the court told them to do so, and that they arrived at the February 19, 2010 hearing prepared to present a defense. According to Rea and Rea Enterprises, their failure to file an answer was the result of their lack of knowledge about how to proceed.

{¶10} The trial court found that Rea and Rea Enterprises failed to demonstrate excusable neglect because they had proper notice of the proceedings and simply failed to act. Rea and Rea Enterprises do not deny that they received a copy of the complaint in this case after Brooke served it in November 2009. There is also no dispute that Rea and Rea Enterprises never filed an answer in this matter. Although excusable neglect is an "elusive concept," *Kay v. Marc*

*Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *LaSalle Nat. Bank v. Mesas*, 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶13. Indeed, this Court has held that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." *Chuck Oeder Inc. v. Bower*, 9th Dist. No. 23785, 2007-Ohio-7032, at ¶8, quoting *Zimmerman v. Rourke*, 9th Dist. No. 04CA008472, 2004-Ohio-6075, at ¶9.

{¶11} Rea told the court at the February 19, 2010 hearing that he did not file an answer because he "had some other stuff going on in [his] life." He later elaborated that he did not answer the complaint because he "had another big case going on" and that he did not obtain an attorney because he "spent 50 grand last year in lawyers" and did not have money for an attorney. "Failure to act in one case due to preoccupation with other litigation is not excusable neglect." *Zimmerman* at ¶9. Moreover, "neglect of an individual to seek legal assistance after being served with court papers is not excusable." *LaPointe v. Ohio Freight Forwarders* (Nov. 13, 1991), 9th Dist. No. 15083, at *2, quoting *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 116. The record supports the trial court's conclusion that Rea and Rea Enterprises, while fully aware of the litigation pending against them, simply chose not to act in this matter. Consequently, we cannot conclude that the court abused its discretion by holding that Rea and Rea Enterprises failed to demonstrate excusable neglect under Civ.R. 60(B)(1).

{¶12} Similarly, the record does not support Rea and Rea Enterprises' assertion that they were entitled to relief under Civ.R. 60(B)(5). Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Chuck Oeder Inc.* at ¶10, quoting *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 346. It is reserved for "extraordinary and unusual case[s]," *Myers v.*

*Myers*, 9th Dist. No. 22393, 2005-Ohio-3800, at ¶14, and "is not a substitute for the enumerated grounds for relief from judgment[.]" *Chuck Oeder Inc.* at ¶10. Rea and Rea Enterprises have not pointed this Court to any law in support of their argument that the default judgment against them was unjust, given that they were fully aware of these proceedings and simply chose not to act. See App.R. 16(A)(7). The record does not support the conclusion that this is the "extraordinary and unusual case" for which relief pursuant to Civ.R. 60(B)(5) is reserved. *Myers* at ¶14.

{¶13} Because Rea and Rea Enterprises failed to demonstrate that they were entitled to relief from judgment under Civ.R. 60(B), the trial court did not err by refusing to vacate the default judgment against them. *GTE Automatic Electric, Inc.*, 47 Ohio St.2d at paragraph two of the syllabus (requiring party seeking vacation to demonstrate entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5)). Rea and Rea Enterprises' sole assignment of error is overruled.

III

{¶14} Rea and Rea Enterprises' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURS

CARR, P. J.
DISSENTS, SAYING:

{¶15} I respectfully dissent. This appeal relates to the denial of a Civ.R. 60(B) motion for relief from a default judgment against the defendants in the amount of $208,807.15. Although the trial court has discretion in ruling on a motion for relief from a default judgment, it should resolve all doubts in favor of deciding the case on the merits, particularly when "the amount of the judgment taken by default is substantial in comparison with any resulting prejudice[.]" *Antonopoulos v. Eisner* (1972), 30 Ohio App.2d 187, 198-99; see, also, *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 151.

{¶16} The defendants demonstrated excusable neglect under Civ.R. 60(B)(1) by pointing to the transcript of the default hearing and the affidavits filed with the motion to vacate. Rea maintained that, after he realized that he had missed the answer deadline, he attempted to contact Brooke's attorney but was unable to reach him. Rea through an agent contacted the court to apologize for missing the deadline to answer, to explain that he was not ignoring the

court and desired to answer the complaint, and to seek advice on how he should proceed. Rea's agent believed that the person she spoke to was the court's bailiff, because she had called the actual court and not the clerk of court's number. The person who answered the court's phone advised her to ask for a hearing. Rea filed a request for a hearing, believing that he was permitted to answer the complaint in that manner in lieu of filing an answer. It was not until Rea appeared at the hearing that he discovered that he would not be permitted to respond to the complaint.

{¶17} Brooke had alleged that Rea and his corporation were vicariously liable for his injuries because Rodney Lehman assaulted him while he was working as a bouncer at their bar. Although Rea appeared at the hearing and was prepared to call witnesses to prove that Lehman was not working at his bar on the night Brooke was injured, the trial court did not allow him to contest Brooke's allegations. Instead, despite the fact that it had not yet entered a default judgment against the defendants, the court proceeded to a damages hearing. On March 19, 2010, a month after the hearing, the court awarded default judgment against the defendants and awarded damages in the amount of $208,807.15. Lehman was never served and was voluntarily dismissed from the suit after Brooke was awarded judgment against Rea and his corporation.

{¶18} Through the motion for relief from judgment, Rea demonstrated that he and his corporation had a meritorious defense to Brooke's claims against them. Rea submitted the affidavit of Lehman, who averred that he was not working on the night of the alleged assault and that any action he took at the bar that night was purely in his personal capacity. Rea also presented his own affidavit and the affidavit of another witness, which also supported Rea's claims that Lehman was not acting as an employee of the bar on the night Brooke was injured. It is well established that "a movant's burden is only to allege a meritorious defense, not to prove

that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20.

{¶19} I would sustain the assignment of error and reverse the trial court's judgment because the defendants supported their motion for relief from a substantial money judgment with a demonstration that their failure to file a timely answer was due to excusable neglect and that they had a meritorious defense to the plaintiff's claims against them.

APPEARANCES:

ROBERT J. SINDYLA, and AARON T. SNOPEK, Attorneys at Law, for Appellants.

LAWRENCE J. WHITNEY, and TYLER J. WHITNEY, Attorneys at Law, for Appellee.